**FILED**
Aug 19, 2008
AUG 1 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLIFFORD JACKSON, Individually and as )
Special Administrator of the Estate of )
MARY CLARICE RIPPERTON JACKSON, )
deceased. )
)
Plaintiff, )  **08CV4706**
) **JUDGE CONLON**
v. ) **MAG. JUDGE COX**
)
KANTILAL PATEL, M.D., individually and )
as agent of SELECT SPECIALTY HOSPITAL - )
NORTHWEST INDIANA and SELECT )
SPECIALTY HOSPITAL - NORTHWEST )
INDIANA, a for-profit foreign corporation, ) JURY TRIAL DEMANDED
)
Defendants. )

## COMPLAINT AT LAW

NOW COMES, Plaintiff CLIFFORD JACKSON, individually and as Special Administrator of the Estate of MARY CLARICE RIPPERTON JACKSON, deceased, by counsel, ROBERT A. HOLSTEIN of Holstein Law Offices, LLC and MARVIN RAIDBARD, complains against the herein Defendants, as follows:

### NATURE OF THE ACTION

1. This action arises as a result of Medical Malpractice which led to the wrongful death of MARY CLARICE RIPPERTON JACKSON [hereinafter "MARY"].

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) as the suit involves a controversy between citizens of different states.

3. Venue is properly laid in the Northern District Court of Illinois pursuant to 28 U.S.C. §1391(a)(1) and 28 U.S.C. §1391(a)(2) in that at least one of the Defendants resides in this District, and a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff CLIFFORD JACKSON [hereinafter "CLIFFORD"] is the duly appointed administrator of the Estate of MARY CLARICE RIPPERTON JACKSON, deceased. At all times mentioned Clifford was a resident of the City of Chicago, County of Cook, State of Illinois.

5. Defendant KANTILAL PATEL, M.D., [hereinafter "K. PATEL"] individually and as agent and employee of SELECT SPECIALTY HOSPITAL - NORTHWEST INDIANA, at all times mentioned, held himself out to the public and large and to the deceased, in particular, as fully qualified physicians, duly licensed to practice his profession in the State of Indiana.

6. Defendant SELECT SPECIALTY HOSPITAL - NORTHWEST INDIANA [hereinafter "SSH"], at all times mentioned owned and/or operated, managed, controlled and administered a medical facility located at 5454 Hohman Avenue, Hammond, Indiana, and held out to the public as a properly equipped, fully accredited, competently staffed medical facility with qualified and prudent personnel, and operating in compliance with the standard of care maintained in other properly and efficiently administered, accredited hospitals in the Northern District of Illinois medical community; and SSH held itself out

that it combines the specialized expertise of a large hospital with the personalized attention of a smaller setting and is designed specifically to meed the needs of extended acute care patients like the deceased.

7. That at all times mentioned herein, K. Patel was acting within the course and scope of his agency and employment with said principal or employer.

8. That at all times mentioned herein, SSH was, and is, a foreign for profit corporation with principal address at 4716 Old Gettysburg Road, Mechanicsburg, Pennsylvania.

9. That at all times complained herein, SSH is vicariously liable for the breaches, acts and omissions of K. Patel committed within the scope and course of his employment and/or agency.

## BACKGROUND OF THE CASE

10. The deceased, MARY CLARICE RIPPERTON JACKSON, was at the time of her death a citizen of the City of Chicago, County of Cook, State of Illinois. Prior to Mary's admission to SSH, she was hospitalized at the Rush Presbyterian St. Luke's Medical Center [hereinafter Rush] located in the City of Chicago, Illinois.

11. Mary was admitted at Rush for reconstructive breast procedure in February of 2007. During the post-operative period, Mary contracted pneumonia leading to central respiratory damage making her ventilator dependent.

12. On June 8, 2007, Mary was discharged from Rush and was transferred to the SSH.

13. Sometime after Mary was admitted on June 8, 2007 at the SSH, her tracheal tube became dislodged as a result of its improper placement and management. Mary was unable to replace it nor was she able to call for assistance. Due to the nursing home failure to make frequent enough room checks, the tracheal tube remained dislodged for a lengthy period.

14. The following day, June 9, 2007, Mary's tracheal tube again became dislodged for an extended period of time.

15. Defendant K. Patel was the attending physician on the dates that the tracheal tube of Mary was allowed to dislodge.

16. These reckless deviations from the applicable standard of care in these instances significantly aggravated her physical state of hypoxic encepalopathy and chronic vegetative stage thereby causing her death in July 2008 at the age of 68.

## CAUSE OF ACTION
### Medical Malpractice Against Defendants
### Kantilal Patel, M.D. and Select Specialty Hospital - Northwest Indiana
### Res Ipsa Loquitor

17. Plaintiff reallege and incorporates herein by reference Paragraphs 1 through 16, with the same force and effect as if fully set forth herein.

18. There was physician - patient relationship between the deceased, MARY CLARICE RIPPERTON JACKSON, and the defendants KANTILAL PATEL, M.D. and SELECT SPECIALTY HOSPITAL - NORTHWEST INDIANA.

4

19. That on June 8, 2007 and June 9, 2007, the dates when the decedent's tracheal tube was negligently placed, maintained and its dislodging was undiscovered for long periods of time, Mary was in the exclusive control of the defendants.

20. Defendant K. Patel's treatment of Mary failed to conform to the standard of care and treatment when he negligently failed to assure proper placement and maintenance of the tracheal tube that allowed it to be dislodged from the decedent's throat.

21. Defendant K. Patel's treatment of Mary failed to conform to the standard of care and treatment when he also failed to cause timely monitoring and response to the patient [the decedent] when her tracheal tube was allowed to dislodge and to remain dislodged for a considerable period of time.

22. Defendant SSH negligently and carelessly failed to properly ensure the character, quality, ability and competence of individuals, including Defendant K. Patel, in treating Mary in said medical facility and as a proximate result thereof, Mary, passed away.

23. Defendant SSH failed to follow its own protocols as well the standards of care for such a care-taking institution regarding supervision of patients and frequency of routine patient's observation.

24. Defendants K. Patel and SSH's negligent and careless acts, individually and collectively falls within the common law and specifically under Title 460, Article 6, Rule 3, Section 36 of the Indiana Administrative Code definition of neglect.

25. For the period prior to the negligent events herein set forth, Defendants undertook to treat Mary and agreed to render proper care, to do all things necessary and

proper in connection to Mary's condition which includes her ventilator dependency but in the course of Mary's confinement, specifically during the first two days of confinement, negligently failed to do so.

26.  As a direct and proximate result of the negligent acts of commission and/or omission in the treatment of Mary by Defendants K. Patel and SSH caused or contributed to hypoxic encepalopathy and chronic vegetative stage leading to Mary's demise.

27.  The damages sought by Plaintiff have a reasonable value for in excess of the jurisdictional amount for Federal Court jurisdiction. The amount of $5,000,000 is sought for punitive damages.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants :

a)  Compensatory damages in an amount in excess of the jurisdictional amount for Federal Court jurisdiction;

b)  Punitive damages in the amount of $5,000,000;

c)  Plaintiff's costs of this action; and

d)  Such other and further relief as this Court deems just and appropriate.

By: _____

Robert A. Holstein
HOLSTEIN LAW OFFICES, LLC
19 S. LaSalle Street, Suite 1500
Chicago, Illinois 60603
ARDC No. 1251600
Tel No. (312) 906-8000
Fax No. (312) 683-9900

Marvin Raidbard
55 W. Jackson Blvd., Suite 664
Chicago, Illinois 60604
Tel. No. (312) 786-9107
Fax No. (847) 674-4280